# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                                 NO. 4:08CR00230-01 JLH

KELDRON L. CARLTON                                          DEFENDANT

## OPINION AND ORDER

Keldron L. Carlton entered a plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the Court determined that Carlton had three prior violent felonies within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2006), and sentenced him to the statutory minimum of fifteen years imprisonment pursuant to that statute. Carlton appealed, and the Eighth Circuit affirmed. Carlton has now filed a timely petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Carlton's section 2255 petition asserts three grounds for relief. For ground one, Carlton asserts that he was denied effective assistance of counsel because his lawyer failed to raise at sentencing the fact that his underlying convictions were part of one common scheme and were all run concurrent by the State of Arkansas, which, Carlton contends, caused him to be sentenced as a career offender when in fact he was not one. For ground two, Carlton asserts that the prosecutor engaged in misconduct because the prosecutor knew or reasonably should have known that he was not a career offender yet successfully argued that he be sentenced as one. For ground three, Carlton asserts judicial misconduct, asserting that this Court knew or reasonably should have known that he was not an armed career criminal and yet sentenced him as though he were. Carlton also has attached to his petition an affidavit in which he says that the lawyer who represented him informed him that he would receive a sentence of seventy-seven to ninety-six months and that his lawyer told

his sister that he could not be sentenced as an armed career criminal but would receive a sentence of seventy-seven to ninety-six months.

Rule 4 of the Rules Governing Section 2255 Proceedings provides that the clerk must promptly forward a section 2255 petition to the judge who conducted the trial and imposed sentence; the judge must promptly examine the petition; and if it plainly appears from the petition, any attached affidavits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. Here, it plainly appears from the petition, the attached exhibit, and the record of prior proceedings that Carlton is not entitled to any relief. Therefore, his section 2255 petition will be dismissed.

All three of the grounds asserted in Carlton's section 2255 petition are based on the assumption that he did not have three violent felonies and so was not subject to the mandatory minimum of fifteen years provided in 18 U.S.C. § 924(e). That argument was asserted on direct appeal, and the Eighth Circuit rejected it. The three convictions that were counted as violent felonies under 18 U.S.C. § 924(e) were a conviction for fleeing in Jefferson County Circuit Court, Case No. CR-2001-518-2;[1] a conviction for commercial burglary in Jefferson County Circuit Court, Case No. CR-2001-598-2; and a conviction for residential burglary in Jefferson County Circuit Court, Case No. CR-2001-517-1. At sentencing, Carlton's lawyer made two arguments in support of Carlton's contention that he did not have three violent felonies. First, Carlton's lawyer argued that the fleeing conviction was not a violent felony. Secondly, Carlton's lawyer argued that Carlton was arrested

---

[1] Carlton was convicted under Ark. Code Ann. § 5-54-125(d)(3), which makes it a felony to flee arrest or detention by means of a vehicle when, as a result, serious physical injury occurs. A person was killed as a result of Carlton's fleeing.

and convicted for both of the burglary convictions on the same dates, and there was not an intervening arrest between the two crimes. The Court overruled both of those arguments.

On direct appeal, Carlton again argued that he did not have three violent felonies because the fleeing conviction was not a violent felony and because the two burglary convictions should not have been counted as separate offenses because they occurred during one episode and were not interrupted by an intervening arrest. The Eighth Circuit rejected both arguments and affirmed. With respect to the second argument, which is the argument that Carlton raises in his section 2255 petition, the Eighth Circuit said that "the two burglary convictions were properly counted separately under the [Armed Career Criminal Act], because they were committed months apart." *United States v. Carlton*, 387 F. App'x 653, 655 (8th Cir. 2010) (citing *United States v. Mason*, 440 F.3d 1056, 1057-58 (8th Cir. 2006)).

A prisoner cannot use a section 2255 petition to make a collateral attack based upon an issue that was resolved on direct appeal in the absence of an intervening change in the law or newly discovered evidence. *English v. United States*, 998 F.2d 609, 612-13 (8th Cir. 1993). Here, there has been no intervening change in the law, nor does Carlton cite any newly discovered evidence in support of his section 2255 petition. As noted, all three of the grounds for relief raised in Carlton's petition depend upon Carlton's contention that he did not have three violent felonies and therefore was not an armed career criminal. Because that issue was previously determined against Carlton on direct appeal, he cannot relitigate that issue and therefore cannot prevail on any of the three grounds for relief asserted in his petition.

As mentioned, Carlton raises a separate issue in his affidavit that is attached to the petition. The affidavit can be fairly construed to allege that Carlton was denied effective assistance of counsel

on the ground that his lawyer erroneously informed him that if he entered a plea of guilty he would be subject to a term of imprisonment of between seventy-seven and ninety-six months based upon his lawyer's opinion that he would not be subject to the mandatory minimum of fifteen years in 18 U.S.C. § 924(e)(1).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). When a criminal defendant contends that he received ineffective assistance of counsel in connection with a guilty plea, the two-part standard under *Strickland* is applied, but in that context the prejudice element is satisfied if the defendant can show that he would have gone to trial rather than pleading guilty had he received effective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). Even if it is true that Carlton's lawyer informed him that he would not be subject to the enhancement under section 924(e), and would receive a term of seventy-seven to ninety-six months, Carlton cannot show that he would have maintained a plea of innocence and gone to trial but for that erroneous advice because the Court fully informed Carlton of the possibility of the enhancement at the change of plea hearing. The transcript contains the following colloquies:

> THE COURT: Mr. Carlton, if you plead guilty, you're subject to a term of imprisonment of not more than ten years, a $250,000 fine, or both, not more than three years of supervised release, and a one-hundred-dollar special assessment. Provided, however, that if you – there's a statute that says if you have three or more convictions for violent felonies, then you fall into what we call the armed career criminal statute, and then your statutory ranges of imprisonment would be not less than 15 years and not more than life and your period of supervised release would go up to five years. . . . And I'm telling you that because it's not in the plea agreement. But as I understand the statute and the law, that if the presentence report comes back

and you have three or more convictions like that, then I'm required to impose a minimum sentence of 15 years. . . .

Do you understand these charges and the potential penalties?

THE DEFENDANT: Yes, sir.

∗ ∗ ∗

THE COURT: One thing I don't have is any authority to vary from the statutory maximums and minimums. And I've had some people who don't understand that because the guidelines are advisory, they think the statutory maximums and minimums are advisory, and they're not. You're either going to have a maximum of ten years or a minimum of 15, and whichever way it comes out, I'll be bound by that. Do you understand that?

THE DEFENDANT: Yes, sir.

∗ ∗ ∗

THE COURT: Okay. Any recommendation through stipulations in the plea agreement aren't binding on the Court. If you plead guilty here today, the Court would have the authority to impose up to the maximum penalty permitted by the statute, which, as I've said before, could either be ten years or life, depending on how it comes out in the presentence report. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If the Court declines to impose the sentence that you're hoping for and imposes a more severe sentence than you expect, you'll not be entitled on that basis to withdraw your guilty plea. Do you understand that?

THE DEFENDANT: Yes, sir.

Document #79, Transcript of Change of Plea Proceedings at 5-6, 9, 14-15.

Thus, as the transcript shows, the Court informed Carlton three times during the change of plea hearing that he could be subject to the Armed Career Criminal Act, and in each instance Carlton acknowledged, under oath, that he understood the Court's statements. Carlton cannot show that he would have maintained his plea of innocence and gone to trial had he been informed of the possibility that he could be subject to a mandatory minimum sentence of fifteen years because the Court informed him that he could be subject to a mandatory minimum of fifteen years, and he still

5

changed his plea to guilty. Consequently, Carlton cannot prevail on a claim of ineffective assistance of counsel based on the allegation that his lawyer told him that he would receive a term of seventy-seven to ninety-six months, even if he proved that in fact his lawyer so advised him.

## CONCLUSION

It plainly appears from his petition and the record of prior proceedings that Keldron L. Carlton is not entitled to the relief requested in his petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Therefore, the petition is dismissed with prejudice. Because Carlton has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will be issued.

IT IS SO ORDERED this 26th day of July, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE