# UNITED STATES DISTRICT COURT
### Eastern District of Arkansas

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>KELDRON L. CARLTON | AMENDED JUDGMENT IN A CRIMINAL CASE<br><br>Case Number: 4:08CR00230-01 JLH<br>USM Number: 25217-009<br>Chris Tarver<br>Defendant's Attorney |

**Date of Original Judgment:** 11/23/2009
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☑ Direct Motion to District Court Pursuant ☑ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☑ pleaded guilty to count(s)  Count 1 of Indictment
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 09 2016
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm, a Class A felony | 8/24/2006 | 1 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/23/2009
Date of Imposition of Judgment

_[signature]_
Signature of Judge

J. Leon Holmes    U.S. District Judge
Name of Judge    Title of Judge

5/9/2016
Date

DEFENDANT: KELDRON L. CARLTON
CASE NUMBER: 4:08CR00230-01 JLH

Judgment — Page __2__ of __10__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

90 MONTHS*

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends defendant participate in residential substance abuse treatment, and educational and vocational programs during incarceration.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 4:08-cr-00230-JLH Document 119 Filed 05/09/16 Page 3 of 10
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: KELDRON L. CARLTON
CASE NUMBER: 4:08CR00230-01 JLH

Judgment—Page 3 of 10

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

**THREE (3) YEARS**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Case 4:08-cr-00230-JLH Document 119 Filed 05/09/16 Page 4 of 10

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: KELDRON L. CARLTON
CASE NUMBER: 4:08CR00230-01 JLH

Judgment—Page 4 of 10

## ADDITIONAL SUPERVISED RELEASE TERMS

14) Pursuant to the Violent Crimes Control Act, defendant will be subject to a special condition of drug testing while on supervised release under the guidance and supervision of the U.S. Probation Office.

15) The defendant must participate, under the guidance and supervision of the probation officer, in a substance abuse treatment program which may include testing, outpatient counseling, and residential treatment. The defendant must abstain from the use of alcohol throughout the course of treatment.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Case 4:08-cr-00230-JLH Document 119 Filed 05/09/16 Page 4 of 10

Judgment—Page 4 of 10

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: KELDRON L. CARLTON
CASE NUMBER: 4:08CR00230-01 JLH

Judgment — Page  5  of  10

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: KELDRON L. CARLTON
CASE NUMBER: 4:08CR00230-01 JLH

Judgment — Page   6   of   10

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☑ Lump sum payment of $ __100.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐ Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or   ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                          No. 4:08CR00230-01 JLH

KELDRON L. CARLTON                                                                DEFENDANT

### OPINION AND ORDER

Keldron L. Carlton pled guilty to possessing a firearm in violation of 18 U.S.C. § 922(g). He was determined to be an armed career criminal under 18 U.S.C. § 924(e)(1) and sentenced to the statutory minimum term of imprisonment of 180 months followed by three years of supervised release. No fine was imposed. Carlton had three prior convictions that were counted as violent felonies under the Armed Career Criminal Act. One of those was a conviction for fleeing, which fit the definition of a violent felony under the residual clause. In 2015, the Supreme Court held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act is unconstitutionally vague. *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). The Supreme Court has now held that *Johnson* applies retroactively on collateral review. *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257, 1265 (2016). After obtaining authorization to file a successive petition under 28 U.S.C. § 2255 from the United States Court of Appeals for the Eighth Circuit, Carlton filed the instant motion to correct his sentence under that statute. The United States concedes that the sentence imposed on Carlton must be set aside. Document #116 at 1. The United States requests that the Court impose a sentence of 96 months. *Id.* at 3. Carlton requests that the Court impose a sentence for a term between 46 and 57 months. Document #114 at 7.

Because Carlton does not qualify as an armed career criminal, the offense of conviction is 18 U.S.C. § 922(g)(1), which means that he has a maximum term of imprisonment of 10 years

pursuant to 18 U.S.C. § 924(a)(2). The maximum term of supervised release remains three years. The maximum fine is $250,000.

Based on the plea agreement between Carlton and the United States, without reference to the career criminal provisions of the sentencing guidelines, Carlton's base offense level would be 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). He received a reduction of three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, which results in a final offense level of 17. Carlton has a criminal history category of V. An offense level of 17 and a criminal history category of V results in a guideline range of 46 to 57 months for the term of imprisonment.

The foregoing analysis does not take into account facts as reported in the presentence report. According to the presentence report, the charges in this case against Carlton resulted from an armed robbery in which Carlton pointed a gun at the victim's head while his co-defendant pointed the gun at another victim who attempted to leave the residence during the robbery. Carlton and the co-defendant instructed the occupants of the residence to lie on the floor. Although the co-defendant stated, "We don't want to hurt anyone," Carlton communicated that he was not playing and would kill if necessary. After obtaining cash and other items from the victims, Carlton and his co-defendant fled. The victims also fled the residence but returned when they heard gunshots. The victims did not know who fired the gun. Officers arrested Carlton and his co-defendant shortly thereafter and recovered from them the items stolen in the armed robbery, as well as firearms and ammunition. Both Carlton and his co-defendant were convicted felons.[1]

---

[1] Absent the stipulations in the plea agreement, the facts could have resulted in a different offense level. The base offense level would have been 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). A four-level enhancement would have applied because Carlton possessed the firearm in connection with another felony. See U.S.S.G. § 2K2.1(b)(6)(B). The cross reference in U.S.S.G. § 2K2.1(c)(1) also could have applied. That reference would have resulted in a base offense level of 20 pursuant

2

As is well established, the sentencing guidelines are advisory. *United States v. Booker*, 543 U.S. 220, 245, 125 S. Ct. 738, 757, 160 L. Ed. 2d 621 (2005). In imposing sentence, the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant and impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553.

The nature and circumstances of the offense have been described above. As noted, Carlton had a criminal history category of V. He had prior convictions for possession of a defaced firearm, negligent homicide, commercial burglary, theft by receiving, and three convictions of theft of property of $2,500 or more. In light of the nature and circumstances of the offense as described above, and the history and characteristics of this defendant, a sentence of 46 to 57 months would not be sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and to avoid unwarranted sentencing disparities. More specifically, the circumstances of Carlton's offense – he used a firearm in an armed robbery, pointed it at the head of a victim, and threatened to kill the victim – make his offense more serious than the

---

to U.S.S.G. § 2B3.1(a) plus a six-level enhancement under U.S.S.G. § 2B3.1(b)(2)(B) because the firearm was pointed at the head of the victim, and another two-level enhancement under U.S.S.G. § 2B3.1(b)(4)(B) for physical restraint because the defendants told the victims to get on the floor. That calculation would result in an offense level of 28. After the three-level reduction for acceptance of responsibility, the offense level would have been 25. An offense level of 25 and a criminal history category of V would have resulted in a guideline imprisonment range of 100 to 125 months.

3

ordinary felon in possession of a firearm case. In addition, his crime in this instance plus his past convictions indicate that a sentence longer than 46 to 57 months is necessary to protect the public from further crimes by Carlton. Based upon the facts presented during the change of plea, the facts presented at the sentencing hearing, and after considering the arguments of counsel for both Carlton and the United States, the Court has concluded that Carlton's sentence should be reduced to a term of imprisonment of 90 months to be followed by 3 years of supervised release. No fine is imposed. All conditions of supervised release previously imposed are again imposed.

Keldron L. Carlton's motion to correct his sentence under 28 U.S.C. § 2255 is GRANTED. Document #114.

IT IS SO ORDERED this 9th day of May, 2016.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

4